ENRIQUETA, PRIMITIVA Y JOSEFA JOGLAR DÍAZ; JOSÉ, RAFAEL, MARCELINO Y PILAR ARGÜELLES JOGLAR, herederos de JOSÉ JOGLAR DÍAZ, demandantes y apelantes, *v.* GREGORIO MARIÑELARENA Y RAFAEL BERNABE, demandados y apelados.

No. 4973.—*Sometido:* Mayo 27, 1929. *Resuelto:* Junio 10, 1929.

*F. Soto Gras* y *R. Díaz Collazo*, abogados de los apelantes; *M. Benítez Flores*, abogado del apelado Mariñelarena.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la apinión del tribunal.

Se solicita la desestimación de este recurso, 1, porque la transcripción del legajo de la sentencia archivada en esta corte lo fué fuera de tiempo y no es suficiente para resolverlo, y 2, porque la parte apelante solicitó en la corte inferior una prórroga "para elegir, entre la transcripción de la evidencia por el taquígrafo o la exposición del caso" que no está autorizada por la ley, habiéndose vencido además el término concedido sin que la transcripción se presentara.

La parte apelante se opuso a la desestimación alegando que la moción se presentó después de archivado el legajo de la sentencia en esta corte cuyo legajo es completo y suficiente para resolver la apelación. Al referirse el apelante al segundo motivo alegado dice que la parte apelada no se opuso a la concesión de la prórroga solicitada para elegir el procedimiento. En cuanto a si el término para archivar la exposición del caso o la transcripción de la evidencia en la corte de distrito venció sin que ninguno de dichos documentos fuera presentado, nada dice la apelante. De su afirmación de que la transcripción presentada es completa y suficiente y de su omisión en negar la afirmación que contiene la moción de la parte apelada, creemos que puede deducirse que admite la no existencia en la corte sentenciadora de documento alguno pendiente de aprobación.

Hubiera sido en verdad tan fácil a la parte apelada obtener y presentar con su moción una certificación del secretario creditiva del estado en que se encuentran los procedimientos de la apelación, que el no haberlo hecho podría ser suficiente para declarar sin lugar su moción. Sin embargo, nos inclinamos a resolver en definitiva el asunto con los datos que existen dada la opinión que del mismo hemos formado.

■ La sentencia apelada se dictó el 27 de febrero de 1929 y la apelación se interpuso el 4 de marzo siguiente o sea dentro del término de ley—se trata de un caso de desahucio. Siendo esto así, no existiendo pliego de excepciones, exposición del caso o transcripción de evidencia pendientes de aprobación, la transcripción debió archivarse en la Secretaría de esta Corte Suprema dentro del término de treinta días a partir del en que se interpuso el recurso. Lo fué el 1º. de mayo o sea vencido ya el término, pero como la moción de desestimación se presentó el 10 de mayo, la tardanza no es por sí sola bastante para desestimar la apelación.

■ ¿Es completa y suficiente la transcripción? Se compone de copias de la demanda, de la contestación, de una moción pidiendo a la corte que declarara la demanda sin lugar en cuanto al demandado Bernabe "porque de las propias alegaciones de la demanda y de la misma prueba practicada por los demandantes" así procedía, de la relación del caso y opinión, de la sentencia y del escrito de apelación.

La demanda de desahucio se declaró sin lugar en cuanto al demandado Bernabe y con lugar en cuanto al otro demandado Mariñelarena. La apelación la interpuso la parte demandante. Conocemos los términos en que está redactada la moción pidiendo sentencia favorable a Bernabe. De la relación del caso y opinión se desprende que para declarar la demanda sin lugar en cuanto a Bernabe la corte se basó en la evidencia aportada por las partes en el juicio.

Siendo ello así ¿cómo es posible revocar como pretende la parte apelante esa sentencia sin que haya incluido en la transcripción la evidencia en que se basa? Una respuesta negativa se impone y a virtud de ella la desestimación del recurso.

*Debe declararse con lugar la moción* del apelado porque la transcripción de los autos archivada no es suficiente para considerar y resolver la apelación establecida y en su consecuencia *desestimarse el recurso.*